

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 29 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| ARCHER CAPITAL FUND, LP,<br><br>Plaintiff,<br><br>v.<br><br>TKW PARTNERS, LLC, JOAN F. HAMMER, GLEN H. HAMMER, BARBARA E. SCHMITT, GAYLE HARRIS, CONDOMINIUM VENTURES OF AMERICA, INC.<br><br>Defendants. | Case No.<br><br>1 08-CV-2747 TWT |

## COMPLAINT

Plaintiff, Archer Capital Fund, L.P ("Archer"), by its attorneys, as and for its Complaint ("Complaint") against Defendants, TKW Partners, LLC, Joan F. Hammer, Glen H. Hammer, Barbara E. Schmitt, Gayle Harris, and Condominium Ventures of America, Inc., states as follows:

### Nature of the Action

1. This is an action for breach of contract. Archer seeks, among other things, the damages it has incurred as a result of Defendants' failure and refusal to pay the amount owed under the Promissory Note and the Guaranty.

## Parties

2. Archer is a Delaware limited partnership with its principal place of business in New York City, New York. None of Archer's general or limited partners is a citizen of Georgia. Archer is engaged in the business of, among other things, investing in commercial loans secured by real and personal collateral.

3. Upon information and belief, defendant TKW Partners, LLC ("TKW") is a Georgia limited liability company. TKW's sole member is Defendant Condominium Ventures of America, Inc., a Georgia corporation with its principal place of business in Atlanta, Georgia.

4. Upon information and belief, defendant Joan F. Hammer ("Joan Hammer") is a citizen and resident of Georgia.

5. Upon information and belief, defendant Glen H. Hammer ("Glen Hammer") is a citizen and resident of Georgia.

6. Upon information and belief, defendant Barbara E. Schmitt ("Barbara Schmitt") is a citizen and resident of Georgia.

7. Upon information and belief, defendant Gayle Harris, ("Gayle Harris") is a citizen and resident of Georgia.

8. Upon information and belief, defendant Condominium Ventures of America, Inc. ("Condominium Ventures") is a Georgia corporation with its

principal place of business in Atlanta, Georgia.

## Jurisdiction and Venue

9. This Court has original subject matter jurisdiction of this action under 28 U.S.C. §1332, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

10. Venue jurisdiction are proper in this Court under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district and the defendants all reside or have their principal place of business in this judicial district.

## Factual Allegations

11. On or about December 1, 2006, Defendants TKW and Joan Hammer, together with non-parties 2000 Ocean Drive, LLC, Crossing Park Properties, LLC, (collectively, "Borrower") and Plaintiff, Archer, executed and entered into a Loan Agreement ("Loan Agreement"). The Loan Agreement provided that the Loan in the amount of eleven million dollars ($11,000,000.00) (the "Loan")–which was funded in one advance at the closing–would become due and payable on December 1, 2007, the Maturity Date as defined in the Loan Agreement. A true and correct copy of the Loan Agreement is attached hereto and incorporated herein by

reference as Exhibit "1."

12. The Loan Agreement further provides that Borrower "shall, upon request, promptly reimburse [Archer] for all amounts expended, advanced, or incurred by [Archer] . . . to enforce the rights of [Archer] under this Agreement or any other Loan Document . . . which amounts will include all court costs, attorneys' fees and expenses . . . ." *See* Ex. 1, ¶ 10.5.

13. On or about December 1, 2006, Defendants TKW, and Joan Hammer together with non-parties 2000 Ocean Drive LLC and Crossing Park Properties, LLC, executed and delivered a Promissory Note ("Note") in the original principal amount of $11,000,000, together with all other amounts due under the Loan Agreement, in favor of Plaintiff. A true and correct copy of the Note is attached hereto and incorporated herein by reference as Exhibit "2."

14. On or about December 1, 2006, Defendants Glen Hammer, Barbara Schmitt, Gayle Harris, and Condominium Ventures together with non-parties William J. Schmitt, Thomas E. Schmitt, and Kenneth F. Harris, Jr., each executed and delivered to Plaintiff a Guaranty ("Guaranty") unconditionally guarantying payment to Plaintiff of all amounts owing under the Note and the Loan Agreement. A true and correct copy of the Guaranty is attached hereto and incorporated herein by reference as Exhibit "3."

15. The Guaranty further provides that Defendant Glen Hammer, Barbara Schmitt, Gayle Harris and Condominium Ventures each guarantee "to pay upon demand all losses, costs, attorneys fees and expenses suffered by [Archer] by reason of . . . the default of the [defendants]." *See* Ex. 3, p. 1.

16. On or about December 1, 2007, pursuant to the Loan Agreement, the Loan became due and payable.

17. Defendants TKW and Joan Hammer defaulted under the terms of the Note by failing to pay the full amount owed to Archer upon the Note's maturity.

18. On or about August 27, 2008, Defendants were given notice of such default, but failed to cure such default and, as a result, the Plaintiff declared the entire indebtedness represented by the Note due and payable in full.

19. Defendants Glen Hammer, Barbara Schmitt, Gayle Harris, and Condominium Ventures have defaulted on their obligations under the Guaranty by failing to pay the amount owed under the Note and guaranteed to Archer.

20. Archer has incurred court costs, attorneys' fees and other expenses as a result of enforcing its rights under the Loan Agreement, Guaranty, and Note.

21. Archer has performed all conditions precedent to this lawsuit, or such conditions precedent have been waived.

## COUNT I – BREACH OF PROMISSORY NOTE
### (against Defendants TKW and Joan Hammer)

22. Paragraphs 1 through 21 are incorporated by reference into this Count as if fully set forth herein.

23. Defendants TKW and Joan Hammer have breached the Note and are in default under the Note.

24. Plaintiff has performed all conditions and covenants, if any, required under the Note.

25. As of June 2, 2008, the balance due and owing under the Note is $13,557,600.05, plus attorneys' fees and expenses, interest and all other fees and expenses that are owed under the Note and the Loan Agreement, and continued accrued interest.

26. In breaching the Note, Defendants have acted in bad faith, been stubbornly litigious, and caused Archer undue trouble and burden such that an award of attorneys' fees and expenses under O.C.G.A. § 13-6-11 is appropriate.

## COUNT II – BREACH OF GUARANTY
### (against Defendants Glen Hammer, Barbara Schmitt, Gayle Harris and Condominium Ventures)

27. Paragraphs 1 through 26 are incorporated by reference into this Count as if fully set forth herein.

28. Defendants Glen Hammer, Barbara Schmitt, Gayle Harris, and Condominium Ventures have defaulted on their obligations to Plaintiff under the Guaranty.

29. Plaintiff has performed all conditions and covenants, if any, required under the Guaranty.

30. As of June 2, 2008, the balance due and owing under the Guaranty is $13,557,600.05, plus attorneys' fees and expenses, and all other fees and expenses that are owed under the Guaranty, the Note, and the Loan Agreement, and continued accrued interest.

31. In breaching the Guaranty, Defendants have acted in bad faith, been stubbornly litigious, and caused Archer undue trouble and burden such that an award of attorneys' fees and expenses under O.C.G.A. § 13-6-11 is appropriate.

## COUNT III – AWARD OF ATTORNEYS' FEES

32. Paragraphs 1 through 31 are incorporated by reference into this Count as if fully set forth herein.

33. Paragraph 10.5 of the Loan Agreement provides in relevant part:

> Borrower shall, upon request, promptly reimburse [Archer] for all amounts expended, advanced or incurred by [Archer] to collect the Note, or to enforce the rights of [Archer] under this Agreement or any other Loan Document, or to defend or assert the rights and claims of Lender under the Loan Documents or with respect the

Premises (by litigation or other proceedings), which amounts will include all court costs, attorneys' fees and expenses . . . .

34. Because Defendants have failed to pay the amount due under the Loan Agreement, Defendants have caused Archer to employ legal counsel in order to enforce Archer's rights under the Loan Agreement, the Guaranty, and the Note and prosecute this lawsuit.

35. Defendants should therefore pay Archer all reasonable attorneys' fees that Archer has incurred and will incur to enforce Archer's rights under the Loan Agreement, the Guaranty, and the Note, and prosecute this lawsuit, pursuant to Paragraph 10.5 of the Loan Agreement.

**WHEREFORE**, Plaintiff Archer Capital Fund, L.P., respectfully requests that this Court:

a) Enter judgment in favor of Plaintiff and against Defendants TKW and Joan Hammer, jointly and severally, for the damages Plaintiff has incurred as a result of said Defendants' breaches of the Promissory Note;

b) Enter judgment in favor of Plaintiff and against Defendants Glen Hammer, Barbara Schmitt, Gayle Harris and Condominium Ventures, jointly and severally, for the damages Plaintiff has incurred as a result of said Defendants' breaches of the Guaranty;

c)  An award for Archer's attorneys' fees and expenses of litigation for fees incurred as a result of Archer's enforcement of its rights under the Note and the Guaranty;

d)  An award of Archer's attorneys' fees and expenses of litigation due to the Defendant's stubborn litigiousness, bad-faith actions, and causing Archer undue trouble and burden as a result of their actions;

e)  Enter judgment for prejudgment and post-judgment interest at a rate provided for by the Note, the Loan Agreement, and the Guaranty; and,

f)  Such other and further relief as the Court deems just and proper.

This ___ day of August, 2008.

Respectfully submitted,

Anthony D. Lehman
Georgia Bar No. 445798

DLA PIPER US LLP
One Atlantic Center
1201 West Peachtree Street
Suite 2800
Atlanta, Georgia 30309-3450
Tel: (404) 736-7800
Fax: (404) 682-7800
E-mail: Anthony.Lehman@dlapiper.com
*ATTORNEYS FOR PLAINTIFF,
ARCHER CAPITAL FUND, LP*