IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARCHER CAPITAL FUND, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:08-CV-2747-TWT |
| ) | |
| TKW PARTNERS, LLC, JOAN F. ) | |
| HAMMER, GLEN H. HAMMER, ) | |
| BARBRA E. SCHMITT, GAYLE ) | |
| HARRIS, CONDOMINIUM ) | |
| VENTURES OF AMERICA, INC. ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF LAW IN SUPPORT OF "MOTION TO
DISMISS BY JOAN F. HAMMER AND GLEN H. HAMMER"

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court should grant the "Motion to Dismiss By Joan F. Hammer and Glen H. Hammer" because this action is procedurally barred by Ga. Code Ann. § 44-14-161 (West 2008) as a result of Plaintiff's not having obtained judicial confirmation of its non-judicial foreclosure sale of the property that secured the debt that this action seeks to collect.

1

I.   **FACTS APPLICABLE TO THIS MOTION**

The following facts appear from (A) the Complaint in this action, and (B) the Plaintiff's complaint in a previously-filed state court action.

A.   **THE COMPLAINT IN THIS ACTION**

In this action, Plaintiff Archer Capital Fund, L.P., ("Archer") seeks to recover money against, *inter alia* Defendants Joan F. Hammer and Glen H. Hammer (collectively, "the Hammers") based upon a purportedly defaulted loan. (Complaint ¶ 1). The Complaint alleges that Archer loaned $11,000,000 based upon a December 1, 2006 "Loan Agreement." (Complaint ¶ 11). The Loan Agreement is attached as "Exhibit 1" to the Complaint. The Complaint also alleges a December 1, 2006, "Promissory Note," executed in favor Archer. (Complaint ¶ 13). The Promissory Note is attached as "Exhibit 2" to the Complaint.

The Loan Agreement refers to a "Deed to Secure Debt" that secures the following real property: "Condominium Units # 4001, 4002, 4003, 4007, 4008, of 1280 West Condominium" ("Secured Real Estate"). (Exhibit 1 to the Complaint, Loan Agreement §§ 1.1(27), 2.5, and Exhibit A2). The Complaint further alleges that Defendant Glen

Hammer signed a "Guaranty" as security for the Loan Agreement and Promissory Note. (Complaint ¶ 14).

### B. PLAINTIFF'S COMPLAINT IN FULTON COUNTY SUPERIOR COURT

Ten days before Plaintiff filed this action, Plaintiff filed a complaint entitled "Report of Foreclosure Sale and Application for Confirmation of Sale Under Power" ("Application") in the Superior Court of Fulton County, Georgia, Civil Action File No. 2008-cv-155371 ("Prior Action"). (Attachments 1 and 2 hereto). The Defendants in this action are defendants in the Prior Action. (Attachments 1 and 2 hereto).

The Prior Action, involves the same Loan, Loan Agreement, Promissory Note, Deed to Secure Debt, Secured Real Estate, and Guaranty as are alleged in this action.[1] (Attachment 2 hereto, ¶¶ 14-17 and Exhibits B though G).

---

[1] For example, the Promissory Note attached as Exhibit 2 to the Complaint in this action is identical to Exhibit B to the Application in the Prior Action. In the Prior Action, Archer alleges that Mr. Hammer executed the Guaranty to secure the Promissory Note, the same

3

As does this action, the Prior Action alleges that Defendant Joan Hammer executed and delivered a "Deed to Secure Debt" regarding the Secured Real Estate (located in Fulton County, Georgia) to secure the Promissory Note, that the Promissory Note and Loan Agreement went into default ("Default") on or about December 1, 2007, and that the Hammers were given notice of the Default and failed to cure. (Complaint, ¶¶ 16-18; Attachment 2, ¶ 19). The Prior Action further alleges that on August 5, 2008, Archer conducted a non-judicial foreclosure sale pursuant to the Deed to Secure Debt and sold the Fulton County Secured Real Estate for $1,200,000. (Attachment 2, ¶ 22). The Prior Action alleges a purported a deficiency resulted from the non-judicial foreclosure sale. (Attachment 2, ¶ 14).

As the Docket Sheet in the Prior Action shows, Archer has not received a confirmation of its non-judicial foreclosure sale of the Secured Real Estate. (Attachment 1).

---

allegation as in paragraph 14 of the Complaint. (Attachment 2; Exhibit E).

## II. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF THE APPLICABLE PRIOR ACTION RECORDS

The Hammers respectfully request that this Court take judicial notice of the documents attached hereto, which are certified copies of documents filed in the Prior Action. Judicial notice is appropriate at this stage of the proceedings. *See* Fed. R. Evid. 201(f); *e.g.*, *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277 (11th Cir. 1999); *Harford v. Delta Air Lines*, No. 1:06-cv-2218-WSD, 2008 WL 268820, at *2 (N.D.Ga. Jan. 30, 2008) (judicial notice was taken of documents filed in a prior case from a different court); *Davis v. Williams Commc'n, Inc.*, 258 F.Supp.2d 1348, 1252 (N.D. Ga. 2003) (motion to dismiss granted based upon judicial notice of a certified copy of a document from the Georgia Public Service Commission). "When considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Dinkins v. Leavitt*, No. 1:07-cv-486-TWT, 2008 WL 447503, at *2 (N.D.Ga. Feb. 13, 2008).

### III. ARCHER'S FAILURE TO HAVE ITS NON-JUDICIAL FORECLOSURE SALE CONFIRMED BARS THIS ACTION

This action must be dismissed for failing to state a claim upon which relief can be granted[2] because this action seeks to recover a deficiency due on a loan following a non-judicial foreclosure sale, but without first receiving a judicial confirmation of that sale.

As shown below, Archer was faced with two alternative means of collecting a defaulted loan from the Defendants: judicial foreclosure or non-judicial foreclosure. Archer chose the second option. The second option requires a judicial confirmation of the non-judicial foreclosure sale as a prerequisite to Archer's filing a deficiency action against the Defendants. Archer has not obtained such a judicial confirmation. Therefore, this deficiency action must be dismissed.

---

[2] Fed. R. Civ. Proc. 12(b)(6); *e.g., Carter v. ALK Holdings, Inc.*, 510 F.Supp.2d 1299, 1301 (N.D. Ga. 2007).

A.  **GEORGIA LAW GIVES ARCHER TWO OPTIONS TO OBTAIN A JUDGMENT ON A LOAN IN DEFAULT**

Under Georgia law,[3] a creditor has two options to recover from the debtor the full amount owed under a loan agreement/promissory note secured by property. *E.g.*, *Vaughan v. Moore*, 202 Ga. App. 592, 593, 415 S.E.2d 47, 48 (1992). Both of those alternative remedies are available to the creditor – the creditor is free to choose which path it will take. *Id.*, 415 S.E.2d at 48. First, the creditor may institute a judicial action under the loan agreement/promissory note, obtain a judgment, and then conduct a judicial foreclosure sale of the secured property, leaving the debtor liable under the judgment for any deficiency. *Id.*, 415 S.E.2d at 48.

---

[3] Because federal subject matter jurisdiction is based upon diversity of citizenship, the forum state's laws apply. *See, e.g.*, *Garland v. Adv. Med. Fund, L.P.*, 86 F.Supp.2d 1195, 1203 (N.D.Ga. 2000); *Boardman Petro., Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998). The forum state in this action is Georgia. Thus, the laws of Georgia control this action.

Second, the creditor may exercise its power of foreclosure and conduct a non-judicial foreclosure sale, keeping whatever proceeds it obtains from the sale as satisfaction of the debt. *Id.*, 415 S.E.2d at 48. If a deficiency results, i.e., the collateral is sold for less than what was owed by the debtor under the note, and the creditor wants to hold the debtor liable for that deficiency, the creditor must seek a confirmation of the non-judicial foreclosure sale. Ga. Code Ann. § 44-14-161 (West 2008).

The creditor must seek such a confirmation of that sale by filing an application, within thirty-days of the foreclosure sale, in the Superior Court of the county in which the property is located. O.C.G.A. § 44-14-161. Only after the Superior Court has entered a judgment confirming the non-judicial foreclosure sale may a creditor file an action against the debtor to collect any deficiency. O.C.G.A. § 44-14-161; *Atlanta Emp. Zone Corp. v. Light Energy Mgmt., Inc.*, 269 Ga. App. 728, 729, 605 S.E.2d 124, 125 (2004) ("O.C.G.A. § 44-14-161 requires that a sale of property without legal process, but under powers such as those contained in a security deed or other lien contract, be confirmed

8

through the process specified in the statute before action may be taken to obtain a deficiency judgment against the debtor."); *Mansell v. Pappas*, 156 Ga. App. 272, 273, 274 S.E.2d 588, 590 (1980) (Georgia law allows no action to collect a deficiency unless the person who instituted the non-judicial foreclosure proceeding complies with O.C.G.A. § 44-14-161). This statutory bar applies to suits against guarantors as well as against principal debtors. *United. States. v. Yates,* 774 F.Supp. 1368, 1372 (M.D. Ga. 1991).

Accordingly, once the creditor conducts a non-judicial foreclosure sale, it is required to confirm the sale before it is permitted to file any deficiency action against the debtor. O.C.G.A. § 44-14-161; *e.g., Vaughan*, 202 Ga. App. at 593, 415 S.E.2d at 48.

### A. ARCHER CHOSE THE NON-JUDICIAL FORECLOSURE SALE OPTION

As shown in Section I above and in Attachments 1 and 2 hereto, Archer chose the second option described above, the non-judicial foreclosure sale. Having selected that option, Archer must obtain a judicial confirmation of the foreclosure sale before filing any deficiency

action. (See Section III. A. above.) However, as shown below, Archer has not obtained that confirmation and this action is barred.

    B.    **ARCHER HAS NOT SATISFIED THE CONFIRMATION PREREQUISITE TO BRING THIS ACTION**

Because Archer has not confirmed its non-judicial foreclosure sale, Archer is barred from seeking any deficiency from the debtor, as Archer does in this action. *E.g., C.K.C., Inc. v. Free*, 196 Ga. App. 280, 281, 395 S.E.2d 666, 667 (1990) ("A creditor may not seek a deficiency judgment with respect to any real estate sold on foreclosure unless a confirmation of the sale is obtained."). This specific statutory prerequisite is strictly construed against the creditor. *E.g., Atlanta Emp. Zone Corp.*, 269 Ga. App. at 729, 605 S.E.2d at 125.

This statute is based on Georgia's strong public policy to protect the debtor from being subject to suits for double payment in cases were the secured property was purchased at foreclosure for a sum less than its fair market value – putting in place a system to protect the debtor against unfounded lawsuits and to place the burden on a creditor to prove that the collateral is sold for its fair market value. *Dorsey v.*

10

*Mancuso*, 249 Ga. App. 259, 261, 547 S.E.2d 787, 789 (2001); *Gutherie v. Ford Equip. Leasing Co.*, 210 Ga. App. 763, 437 S.E.2d 482, 483 (1993).

Because Archer is suing in derogation of O.C.G.A. § 44-14-161, because Archer has failed to comply with the confirmation requirements of O.C.G.A. § 44-14-161 (a pre-requisite to this action) and because Archer is abrogating the rights of the Defendants by maintaining this action, Archer's suit should be dismissed for failing to state a claim upon which relief can be granted. O.C.G.A. § 44-14-161; *Atlanta Emp. Zone Corp.*, 269 Ga. App. at 729, 605 S.E.2d at 125 (dismissal of complaint confirmed); *C.K.C., Inc.*, 196 Ga. App. at 281, 395 S.E.2d at 667; *Vaughan*, 202 Ga. App. at 593, 415 S.E.2d at 48; *Mansell*, 156 Ga. App. at 273, 274 S.E.2d at 590.

## III. CONCLUSION

For the foregoing reasons, this Court should grant the "Motion to Dismiss By Joan F. Hammer and Glen H. Hammer," dismiss the above-captioned action and to award the Hammers legal fees and expenses associated with filing their motion.

Dated this 8th day of January, 2009.


Smith, Gambrell & Russell, LLP
1230 Peachtree Street, N.E.
Suite 3100, Promenade II
Atlanta, Georgia 30309-3592
(404) 815-3587
(404) 685-6887 fax

/s/ *Stephen M. Forte*
Stephen M. Forte
Georgia Bar No. 270035
William W. Maycock
Georgia Bar No. 479175
Jared Scott Westbroek
Georgia Bar No. 198008

*Attorneys for Defendants Joan F. Hammer and Glen H. Hammer*

## **CERTIFICATION OF FONT AND STYLE**

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that Defendants' "Memorandum Of Law In Support Of 'Motion to Dismiss By Joan F. Hammer and Glen H. Hammer'," has been prepared in a font and style approved by LR 5.1C (14 point font, Century Schoolbook style).

*/s/ Jared Scott Westbroek*
Jared Scott Westbroek
Georgia Bar No. 198008

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January, 2009, a copy of the foregoing was filed electronically (and served by mail on anyone unable to accept electronic filing). Notice of this filing will be sent by e-mail to all parties named below by operation of the Court's electronic filing system (or by mail to anyone unable to accept electronic filing). Parties may access this filing through the Court's system.

>Paul Monnin
>Anthony D. Lehman
>DLA Piper US, LLP
>One Atlantic Center
>1201 Peachtree Street
>Suite 2800
>Atlanta, Georgia 30309-3450
>Anthony.Lehman@dlapiper.com
>
>Gus H. Small
>Anna M. Humnicky
>3350 Riverwood Parkway
>Suite 1600
>gsmall@cpmas.com
>ahumnickey@cpmas.com

>*/s/ Jared Scott Westbroek*
>Jared Scott Westbroek
>Georgia Bar No. 198008