IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARCHER CAPITAL FUND, LP,

    Plaintiff,

      v.

                        CIVIL ACTION FILE
                        NO. 1:08-CV-2747-TWT

TKW PARTNERS, LLC, et al.,

    Defendants.

ORDER

This is a breach of contract action. It is before the Court on the Defendants'
Motions to Dismiss [Doc. 20 & 22]. For the reasons set forth below, the motions are
GRANTED.

I. Introduction

On December 1, 2006, the Plaintiff Archer Capital Fund, LP loaned eleven
million dollars to the Defendants TKW Partners, Joan Hammer, 2000 Ocean Drive,
LLC, and Crossing Park Properties, LLC. (Compl. ¶ 11). The Plaintiff is a New York
limited partnership organized under Delaware law, Defendant TKW is a Georgia LLC,
Defendant Joan Hammer is a Georgia citizen, 2000 Ocean Drive is a Florida LLC, and
Crossing Park Properties is a Georgia LLC. The Defendants signed a promissory
note for the principal amount and all other amounts due under the loan. That same

day, the debtor Defendants TKW Partners and Joan Hammer – along with Defendants

Glen Hammer, Barbara Schmitt, Gayle Harris (all Georgia citizens) and others –

executed a guaranty on the loan promising payment of any amounts ultimately owed

under the loan.  The loan was due one year later.  The following collateral secured the

loan:

> (1) a first mortgage from Crossing Park to Archer related to an office park property in Gwinnett County; (2) a first mortgage from defendant TKW to Archer related to three of the condominium units in issue in the state court confirmation proceeding; (3) a first mortgage from defendant Mrs. Hammer to Archer related to the other five condominium units at issue in the confirmation proceeding; (4) Mr. Hammer's pledge of one hundred percent of Crossing Park's ownership interests to Archer; (5) Condominium Venture's pledge of one hundred percent of its ownership interests to Archer; and (6) a second mortgage from the Borrowers to Archer related to the Pelican Grand Beach Resort in Broward County, Florida.

(Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 8).  When the loan matured, the

Defendants TKW and Joan Hammer failed to pay the full amount due and

consequently defaulted on the promissory note.  On August 5, 2008, the Plaintiff sold

the condominiums (located within a complex known as 1280 West Condominiums)

for $1.2 million at a non-judicial foreclosure sale.

By August 27, 2008, the Plaintiff gave notice of default and demanded

payment.  It now claims an amount exceeding $13.5 million plus fees and expenses.

The Plaintiff filed this action on August 29, 2008.  Shortly before the Plaintiff filed

this suit, it filed suit in Fulton County Superior Court reporting the foreclosure sale of the 1280 West Condominium units and seeking confirmation of that sale. (Hammers' Mot. to Dismiss, at 3).   The Fulton County Superior Court set a confirmation hearing for October 21, 2008, but the parties agreed to continue the hearing.  The Fulton County Superior Court did not confirm the foreclosure sale until April 2009, roughly eight months after the Plaintiff filed this suit.  The Defendants have appealed the order confirming the non-judicial foreclosure sale.

## II.  Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007) (citations and quotations omitted).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251

(7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

## III. Discussion

The Defendants argue that the Plaintiff is seeking a deficiency judgment to recover the balance of the eleven million dollar loan not received in the foreclosure sale of the condos. Because the Plaintiff sought this deficiency judgment before confirmation of the foreclosure of the condos, the argument goes, this action must fail because it was void (and non-curable) at the outset. Georgia law provides that:

> When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

O.C.G.A. § 44-14-161(a).  In this case, the Defendants argue that the Plaintiff failed to strictly comply with the statute.  It did report the foreclosure within 30 days for confirmation, but the superior court did not grant confirmation until April 2009. Therefore, it did not "obtain an order of confirmation and approval" before it instituted the suit to obtain a deficiency judgment.  In other words, the Plaintiff was required to both file for confirmation within 30 days and receive confirmation of the foreclosure before filing suit.  The Defendants point out that strict compliance with the statute is required.  Chastain Place, Inc. v. Bank South, 185 Ga. App. 178, 179-80 (1987).

The Plaintiff argues that O.C.G.A. § 44-14-161(a) does not bar the pursuit of other contractual rights related to the debt.  The Defendants argue that the Plaintiff's view is flawed because Georgia precedent holds that although concurrent pursuit of both a suit upon a note and non-judicial foreclosure sale is not barred, "it is nevertheless clear that if it is the foreclosure remedy that is pursued to an initial conclusion, the creditor must then comply with O.C.G.A. § 44-14-161 so as to retain the right of continued pursuit of his remedy of obtaining a judgment against the debtor." Vaughan v. Moore, 202 Ga. App. 592, 593 (1992).  "Continuing to pursue a lawsuit on a promissory note after the foreclosure proceedings have been concluded obviously constitutes 'action' on the part of the creditor to obtain a deficiency

judgment against the debtor." Id. at 593. Ultimately, the Plaintiff acknowledges that "compliance with the confirmation statute remains a prerequisite to obtaining a deficiency judgment," but not necessarily on the filing of the suit in the first instance. (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 15, n. 4). Given the strict compliance required under the statute (and given the lack of explicit precedent for the Plaintiff's interpretation), the better interpretation is that a plaintiff is required to first obtain confirmation before bringing this suit.

There is no doubt that this is an action seeking a deficiency judgment. A party pursues a deficiency judgment when it seeks personal liability from the mortgagor for the outstanding balance of mortgage debt after the foreclosure fails to compensate for the full debt. Iwan Renovations, Inc. v. North Atlanta National Bank, 296 Ga. App. 125, 127 (2009). O.C.G.A. § 44-14-161(a) thus generally forbids proceedings on separate debts which are "inextricably intertwined" absent confirmation. Id. at 128; Oakvale Road Associates, Ltd. v. Mortgage Recovery Fund-Atlanta Pools, 231 Ga. App. 414, 415-16 (1998). This prevents the successive loans against the security of the same property to ensure that debtors receive the statute's protection from "deficiency judgments when their property is sold at a foreclosure sale for less than its market value." Iwan, 296 Ga. App. at 128.

It is true that the Plaintiff did not waive its contractual rights to recover based upon other collateral listed in the Guaranty. However, to pursue this particular right to obtain a deficiency judgment, it must first obtain the confirmation of the non-judicial foreclosure. As the Defendants note, the Plaintiff had other more clearly acceptable options to collect upon its multiple sources of collateral. This is not a case where the Plaintiff initiated foreclosure on the other properties and applied the proceeds to the earlier shortfall. Cf. Marler v. Rockmart Bank, 146 Ga. App. 548, 550 (1978) ("foreclosure of a security deed . . . had the effect only of foreclosing the right to sue for a deficiency judgment" and not of collecting from proceeds of later foreclosures from other parcels). Nor is this a case where the Plaintiff collects from personal property (such as a certificate of deposit) without needing to obtain a judgment imposing personal liability. Cf. Worth v. First National Bank of Alma, 175 Ga. App. 297 (1985). Finally, it is undisputed that the Plaintiff did not obtain a judgment for the amount owed before it initiated foreclosure proceedings. Cf. Taylor v. Thompson, 158 Ga. App. 671, 672 (1981). In short, the Plaintiff "misreads" precedent by making an argument similar to the creditor in Oakvale Road – that "the confirmation statute allows sale under power and a suit for deficiency as long as the creditor is selling property different from that sold at an earlier foreclosure." Oakvale Road, 231 Ga. App. at 418. It should be noted that even the Plaintiff recognizes that

a deficiency proceeding is "inevitable." (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 3). The Plaintiff now argues that it is only seeking a declaratory judgment, claiming that "whether [the Defendants] are bound by the Guaranty [is] a matter to be litigated separate and apart from the amount owed pursuant to the Guaranty." (Id.) Yet the Plaintiff specifically prays for "the damages it has incurred as a result of Defendants' failure and refusal to pay the amount owed under the Promissory Note and the Guaranty." (Compl. ¶ 1). O.C.G.A. § 44-14-161(a) should apply in this case.

Since the filing of this suit, the Plaintiff obtained a confirmation order from the Fulton County Superior Court. The Plaintiff now argues that the sole grounds for these motions is moot. In response, the Defendants argue that the action was: (1) void at the outset because the Plaintiff failed to comply with the confirmation statute before initiating the litigation; and (2) the confirmation is not final because the Defendants have appealed (and the appeal acts as a supersedeas). As to the first ground, the Defendants argue that satisfying a condition precedent is a jurisdictional question, which, if not satisfied, prevents a valid pending action. The line of authority cited by the Defendants for this proposition deals with the payment of costs and attorney fees from a previous suit that is dismissed before a party is allowed to proceed on a subsequent suit against the same party. See Crane v. Cheeley, 270 Ga. App. 126 (2004); Foster v. Bowen, 253 Ga. 33 (1984). In this context, there is a "no-cure" rule;

that is, the later satisfaction of the condition after filing does not save the case from dismissal.  Foster, 253 Ga. at 33.  Applying these rules to the instant case, Georgia courts have specifically stated that O.C.G.A. § 44-14-161(a) creates a condition precedent for a deficiency judgment.  See, e.g., Commercial Exchange Bank v. Johnson, 197 Ga. App. 529, 530 (1990).  And Crane specifically equates a condition precedent to suit to a jurisdictional issue.  Crane, 270 Ga. App. at 126.  Therefore, this action was void ab initio.

## IV.  Conclusion

For the reasons set forth above, the Defendants' Motions to Dismiss [Doc. 20 & 22] are GRANTED.  This action is dismissed without prejudice.

SO ORDERED, this 27 day of July, 2009.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge